# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Luna LaToya Bey, *et al.*, | Case No. 3:21-cv-211 |
| Plaintiffs, | District Judge Walter H. Rice |
| vs. | Magistrate Judge Sharon L. Ovington |
| Cynthia M. Heck, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiffs Luna LaToya Bey and Aladdin Moroc Bey, acting *pro se*, initiated this action on August 3, 2021. (Doc. No. 1). Finding the initial filing to be lacking, the Court entered a Notice of Deficiency directing Plaintiffs to pay the required filing fee or file motions for leave to proceed *in forma pauperis* by September 3, 2021. Plaintiffs did neither, and instead submitted a document titled "Affidavit of Fact" and "Writ of Error." (Doc. No. 2). Although the submission referenced an "Affidavit of Financial Statement," no such document was filed in this case. (Doc. No. 2, PageID 40).

On September 23, 2021, this Court ordered Plaintiffs to submit, within twenty-one (21) days, the required filing fee or alternatively, their respective applications for leave to proceed *in forma pauperis*. (Doc. No. 3, PageID 45). Plaintiffs were also advised that if they failed to timely comply, the Court would recommend dismissal for want of

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

prosecution. *Id.* To date, Plaintiffs have not paid the filing fee, filed applications for leave to proceed *in forma pauperis*, or otherwise responded to this Court's Order.

District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). In light of the above-described circumstances, and including the prior notice that Plaintiffs' case may be dismissed if they did not timely comply with this Court's Order, dismissal of this case is warranted due to Plaintiffs' failure to prosecute. *See id.*; *see also* Fed. R. Civ. P. 41(b).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiffs' Complaint be dismissed without prejudice; and
2. The case be terminated on the Court's docket.

October 29, 2021                    *s/Sharon L. Ovington*
                                                        Sharon L. Ovington
                                                        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).